UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MICAH GALLOWAY | DOCKET NO.:_____ |
| VERSUS | JUDGE:_____ |
| MORAN TOWING OF LAKE CHARLES, LLC AND MORAN TOWING CORPORATION | MAG. JUDGE:_____ |

## ORIGINAL COMPLAINT

The complaint of MICAH GALLOWAY, a resident of St. Mary Parish, Louisiana respectfully represents that:

1.

Made defendants herein are:

a) MORAN TOWING OF LAKE CHARLES, LLC, a foreign corporation authorized to do and doing business in the State of Louisiana, who may be served through its Agent for Service, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802; and

b) MORAN TOWING CORPORATION, a foreign corporation authorized to do and doing business in the State of Louisiana, who may be served through its Agent for Service, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802,

who are both, justly and truly liable to complainant, jointly and in solido, for the following reasons, to-wit:

2.

It is alleged that Moran Towing of Lake Charles, LLC ("MORAN") was Complainant's employer at the time of the accident. It is alleged that Moran Towing Corporation ("MORAN") was the owner of the vessel, the Eleanor F. Moran ("Eleanor"), the vessel on which Complainant was working when injured.

3.

It is alleged that at all times material hereto, MICAH GALLOWAY was a Jones Act Seaman within the meaning of 46 U.S.C. § 30104. Complainant brings this action under the Admiralty Law of the United States of America, the Jones Act, and the General Maritime Law. Plaintiff hereby requests a trial by jury on all issues so triable.

4.

The matters which are described herein have taken place, in whole or in part either conceived, carried out or made effective within the Western District of Louisiana. The defendants herein carry on or transact business within the District.

5.

This suit is brought to recover for personal injuries and damages of complainant, MICAH GALLOWAY, as well as to recover for past and future lost wages, pain and suffering, both physical and mental, past and future medical expenses, maintenance and cure, and loss of society and services.

6.

Complainant, MICAH GALLOWAY, was employed by defendants, MORAN, as a deckhand on towing vessels owned and operated by MORAN in navigable waters. During his employment with MORAN, Complainant worked almost exclusively on vessels owned and operated by MORAN. At the time of the accident, Complainant was assigned to a towing vessel by the name of the **M/V Eleanor**. Complainant's connection to the **M/V Eleanor** and other Moran vessels was substantial in terms of duration and nature. Upon information and belief, MORAN was the owner and operator of the **M/V Eleanor** on the date of the accident. At the time of the accident sued upon, Complainant was assigned to the **M/V Eleanor** which was working in the Sabine-Neches Waterway near Port Arthur, Texas.

7.

On or about December 24, 2018, Complainant was working as a deckhand on a towing vessel by the name of the **M/V Eleanor** which was a towing vessel for large ships which would dock at the Port of Port Arthur, Texas. On December 24, 2018, the **M/V Eleanor** was instructed to moor and tow a large ocean going ship located at the dock. The Eleanor came alongside the ship to moor the towing vessel to the ship. The Eleanor could be moored to the ship by means of a deck mooring device or a hull mooring device. The deck mooring device consists of a large cleat

on the top deck of the ship. The hull mooring device is located on the outside hull of the vessel below the deck of the ship and is known as a Panama Chock. On December 24, 2018, Complainant was instructed by the Captain of the **M/V Eleanor** to moor to the ship by means of the Panama Chock. Before placing the mooring line over the Panama Chock, Complainant observed the metal on the Panama Chock was rusted and corroded. Complainant informed the Captain that he did not think it would be safe to moor to the Panama Chock because of the condition of the chock and the possibility that the mooring line could get stuck or be cut by the corroded condition of the chock. The Captain of the **M/V Eleanor** instructed Complainant to secure to the Panama Chock anyways because it would be easier for the crew of the ship being towed. Complainant did as instructed and secured the mooring line from the **M/V Eleanor** around the Panama Chock of the ship being towed. The ship was towed for some period of time and the Captain of the **M/V Eleanor** then instructed to Complainant to unhook the mooring line from the Panama Chock of the ship to end the tow. Complaint was injured while trying to unhook the mooring line from the Panama Chock. When Complainant went to remove the mooring line from the Panama Chock, the line was stuck on the corroded metal of the chock. With the Captain of the **M/V Eleanor** watching from the wheelhouse, Complainant unsuccessfully tried to remove the mooring line from the chock. Complainant complained to the Captain that the line was stuck and that he needed help to remove

the line. The Captain instructed Complaint to continue to try and remove the line. While standing on the very front of the Eleanor, Complaint pulled on the line again and felt a pop in his back. Complainant yelled to the Captain that he was hurt. The Captain sent the mate to assist Complainant to the galley. The mate then drove Complainant to the hospital. As a result of this incident, Complainant has suffered severe neurological injuries to his spine and legs. Complainant alleges the accident was caused by the negligence of the defendants and the unseaworthiness of the vessel on which he was working when injured.

8.

The negligence of the defendants and/or the unseaworthiness of the vessel involved in this accident were caused by agents, servants, and/or employees of defendants in that the said agents, servants, and/or employees:

(a) Failed to provide a safe place to work;

(b) Failed to moor the Eleanor to the Deck Mooring Device after being advised that the Hull mooring device was corroded and rusting;

(c) Negligently instructing Complainant to moor to the Panama Chock after learning that this mooring device was in a corroded and rusty condition;

(d) Negligently instructing Complainant to continue to try to remove the mooring line stuck to the Panama Chock after learning that the line was stuck and could not be removed;

(e) Failing to send help to remove the stuck line when help had been requested;

(f) Failing to slow the ship and the Eleanor when it was learned that the line securing the two vessels together was stuck;

(g) Failing to properly supervise the work and conditions on the vessels; and

(h) Failing to do what should have been done to prevent the injury to Complainant.

9.

By reason of said negligence and/or unseaworthiness which resulted in complainant's injuries, complainant, MICAH GALLOWAY, has been and will continue to be totally disabled from performing any type of gainful employment; will be confined to the hospital and to his home for a long period of time; has suffered and will continue to suffer great pain and agony as well as mental anguish; has lost and will continue to lose large sums of money which he otherwise would have earned as wages and the expenses of his board and lodging; has had to incur medical expenses and will have to incur future medical expenses; has suffered loss of society

and services, all to his detriment, in the amount of <u>TEN MILLION</u> ($10,000,000) DOLLARS.

10.

As a Jones Act Seaman, MICAH GALLOWAY, is entitled to maintenance and cure. He is also entitled to have any reasonable medical treatment recommended by his treating physician. Complainant requests that Defendants, MORAN**,** be ordered to pay all past and future maintenance and cure caused by the accident of December 24, 2018.

11.

Complainant alleges that he has insufficient income to advance the cost of court and is entitled to proceed as a Jones Act Seaman without furnishing cost of court.

12.

Upon information and belief the said injuries described were not caused or contributed to by any fault or want of care on the part of complainant.

WHEREFORE, COMPLAINANT, MICAH GALLOWAY, prays that there be judgment herein in his favor and against the defendants, MORAN TOWING OF LAKE CHARLES, LLC and MORAN TOWING CORPORATION in the amount of <u>TEN MILLION</u> ($10,000,000) DOLLARS, together with interest from the date

of injury until paid and for all costs of these proceedings, including witness fees and expenses.

COMPLAINANT FURTHER PRAYS that he be entitled to proceed as a Jones Act Seaman, without furnishing costs of court.

COMPLAINANT FURTHER PRAYS for a jury trial on all issues so triable.

WHEREFORE, complainant further prays for process in due form against defendants, MORAN TOWING OF LAKE CHARLES, LLC and MORAN TOWING CORPORATION and for all general and equitable relief.

RESPECTFULLY SUBMITTED:

MORROW, MORROW, RYAN & BASSETT

BY:   s/James P. Ryan
      JAMES P. RYAN (#11560)
      WILLIAM L. RYAN (#38097)
      Post Office Drawer 1787
      Opelousas, LA 70571
      E-Mail: jamesr@mmrblaw.com
      E-Mail: willr@mmrblaw.com
      Tel.: (337) 948-4483
      Fax: (337) 942-5234
      *Attorneys for Plaintiff,* **MICAH GALLOWAY**